# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALTHEIDE,<br><br>                               Plaintiff,<br><br>      v.<br><br>STATE OF NEVADA,<br><br>                              Defendant. | Case No. 17-cv-01174-BAS-JMA<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE** |

Plaintiff Jason Altheide, a prisoner detained at the High Desert State Prison in Indian Springs, Nevada and proceeding *pro se*, has filed a petition (the "Petition") for a writ of mandamus. (ECF No. 1.) Plaintiff's Petition seeks a writ of mandamus from this Court ordering the Supreme Court of Nevada to reverse its order denying a prior mandamus filed by Plaintiff in that court to direct a lower Nevada state court to process Plaintiff's pending state habeas petitions. Over a month after filing his Petition, the Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). For the reasons stated herein, the Court

1

denies Plaintiff's motion to proceed IFP.

## I. Failure to Pay Filing Fee or Properly Request IFP Status

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he

filed a motion to proceed IFP that includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copy of his trust fund account statement required by 28 U.S.C. § 1915(a)(2). Although Plaintiff has submitted a document[1] that might satisfy the affidavit requirement (ECF No. 2), Plaintiff has not submitted a certified copy of his trust fund account statement. As a prisoner, Plaintiff's motion to proceed IFP is insufficient to comply with § 1915's additional requirements. Therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

**II.     Screening Required by 28 U.S.C. § 1915(e)(2) and § 1915A**

In addition, the Court cautions Plaintiff that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported motion to proceed IFP, his Petition will be screened before service upon any defendant and may be immediately dismissed pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B). This screening will occur regardless of whether Plaintiff pays the full filing fee up front or is granted leave to proceed IFP and to pay it in monthly installments.[2] *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

---

[1] This document is a standardized form motion to proceed IFP for inmates, which appears to be from the United States District Court for the District of Nevada.

[2] The Court notes that as currently pled, Plaintiff's Petition will be subject to *sua sponte* dismissal regardless of whether he pays the full civil filing fee, or submits a properly supported motion to proceed IFP and pays it in installments. This is because Plaintiff's writ of mandamus against the Supreme Court of Nevada is frivolous as a matter of law. The federal mandamus statute grants federal courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court. Thus, to the extent that Demos attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law."). Likewise, this Court lacks jurisdiction to issue a writ of mandamus ordering the Supreme Court of Nevada to take the action Plaintiff seeks.

only permits but requires" the court to dismiss *sua sponte* an IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").

The Court further cautions Plaintiff that if his Petition is found to be frivolous or malicious, or if it fails to state a claim, its dismissal pursuant to 28 U.S.C. § 1915(e)(2) and/or § 1915A(b) may later count as a third "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." (internal quotations omitted)). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP" unless the prisoner is in "imminent danger of serious physical injury" at the time the complaint is filed. *Id.*; *see also* 28 U.S.C. § 1915(g); *Williams*, 775 F.3d at 1188 (citing *Cervantes*, 493 F.3d at 1053).

## III. Conclusion and Order

For the reason explained above, the Court:

(1) **DISMISSES WITHOUT PREJUDICE** this action for failure to pay the $400 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; or (b) completing and filing a motion to proceed IFP that includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his Petition as required by 28 U.S.C.

§ 1915(a)(1), (2) and Civil Local Rule 3.2(b).[3]

**IT IS SO ORDERED.**

DATED: September 20, 2017

Hon. Cynthia Bashant
United States District Judge

---

[3] If Plaintiff fails to either prepay the $400 civil filing fee or file a properly supported Motion and Declaration in Support of his motion to proceed IFP, together with the trust account statements required by 28 U.S.C. § 1915(a)(2) within 45 days, this case will remain dismissed without prejudice based only on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements, and will *not* count as a "strike" against him pursuant to 28 U.S.C. § 1915(g).